Filed 8/30/24  P. v. Bruno-Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C099997 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F08138) |
| v. | |
| JOSEPH BRUNO-MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Joseph Bruno-Martinez appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1172.6.  Counsel for defendant filed a brief seeking our independent review under *People v. Delgadillo* (2022) 14 Cal.5th 216 to determine whether there are any arguable issues on appeal.  Separately, defendant filed a supplemental brief asserting the trial court's use of the kill zone instruction allowed the

---

[1]     Further undesignated statutory references are to the Penal Code.

1

jury to convict him of attempted murder without the requisite intent to kill. Because we have previously rejected defendant's argument in his most recent writ petition, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying offense are set forth in the appellate opinion from defendant's original appeal. (*People v. Bruno-Martinez* (Mar. 30, 2010, C060660) [nonpub. opn.] (*Bruno-Martinez I*).)[2] Briefly summarized, as the victim and three friends left a birthday party at a local restaurant, defendant approached the victim from behind and said something about the victim's tattoo and asked where he was from. (*Ibid*.)

The victim responded he was not a gang member and headed towards his friend's car, while defendant pulled out a handgun from under his shirt. (*Bruno-Martinez I*, *supra*, C060660.)

The victim and his friends got into their car but could not start it. Defendant shot once into the air, and then into the car, while the victim and his friends got out of the car. In all, seven shots were fired from two guns. The car was hit many times, but neither the victim nor his friends were hit. (*Bruno-Martinez I*, *supra*, C060660.)

At trial, the court indicated to counsel it would provide the CALCRIM No. 600 jury instruction for "attempted murder without [the] optional paragraph relating to a kill zone theory." (*Bruno-Martinez I*, *supra*, C060660.) The parties agreed and the prosecutor indicated he was not pursuing a kill zone theory. Consequently, the jury was instructed that for attempted murder, the prosecution must prove: (1) " 'defendant took direct but ineffective steps toward killing another person,' " and (2) " 'defendant intended to kill that person.' " (*Ibid*.)

---

[2] Our recitation of the facts from our prior appellate opinion is solely for the purpose of efficiently summarizing the background of this case. We do not rely on these facts in resolving the issue raised in this appeal.

During deliberations, the jury asked: " 'On [c]ount 1 do we have the discretion to find [defendant] guilty of attempted murder charges without specifying [the victim]?' " After discussion with counsel, the trial court responded: " 'No. The victim alleged in the charge is [the victim]. However, you may consider the following instruction of law as a supplement to [CALCRIM No.] 600.' . . . 'A person may intend to kill a specific victim or victims and at the same time intend to kill anyone in a particular zone of harm or "kill zone." In order to convict . . . defendant of the attempted murder of [the victim], the [prosecution] must prove that . . . defendant not only intended to kill anyone in [the] car but also either intended to kill [the victim], or intended to kill anyone within the kill zone. If you have a reasonable doubt whether . . . defendant intended to kill [the victim] by harming everyone in the kill zone, then you must find . . . defendant not guilty of the attempted murder of [the victim].' " (*Bruno-Martinez I*, *supra*, C060660.)

The jury convicted defendant of attempted murder and shooting at an occupied vehicle. As to the attempted murder count, the jury found true the allegations defendant personally discharged a firearm and the jury also found defendant committed both crimes for the benefit of a criminal street gang. The trial court sentenced defendant to a determinate term of seven years for the attempted murder, and a consecutive 20-year term for the gun enhancement, plus 15 years to life for the shooting at an occupied vehicle count.

Defendant appealed his original convictions and a different panel of this court affirmed. (*Bruno-Martinez I*, *supra*, C060660.) He also filed a petition for writ of habeas corpus, arguing the kill zone instruction eliminated the requirement the jury find he had the specific intent to kill the victim. (*In re Bruno-Martinez* (Feb. 18, 2021, C091819) [nonpub. opn.] (*Bruno-Martinez II*).)[3] A different panel of this court

---

[3] On the court's own motion, we take judicial notice of our prior unpublished opinion. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

concluded that the kill zone instruction was erroneous, but that the error was harmless because as written, the instruction still required the jury to find defendant had the intent to kill the victim. (*Ibid.*)

Defendant filed a petition under section 1172.6 in 2023, to have his attempted murder conviction vacated and to be resentenced, and argued the kill zone instruction allowed malice to be imputed based on his participation in a separate crime. The trial court appointed counsel and received briefing, which contained our prior opinion on appeal, the jury instructions, and verdicts. The trial court held a hearing and denied the petition as failing to state a prima facie case. The trial court found the jury was not instructed with the natural and probable consequences doctrine. Further, the trial court found that the jury found defendant possessed the intent to kill the victim named in the information.

Defendant appeals.

DISCUSSION

Defendant argues the trial court erred in determining he is ineligible for resentencing under section 1172.6. We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the felony-murder "rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill 1437 also added what is now section 1172.6. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) Senate Bill No. 775 (2021-2022 Reg. Sess.) later expanded persons entitled to relief under section 1172.6. (Stats. 2021, ch. 551, § 1, subd. (a).) As relevant here, section 1172.6, subdivision (a) now provides that a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition for resentencing and be resentenced if all of the following conditions

4

apply: (1) a complaint or information was filed against the defendant that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) the defendant was convicted of attempted murder following a trial; and "(3) [t]he [defendant] could not presently be convicted of . . . attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."

"[T]he prima facie inquiry under [section 1172.6,] subdivision (c) is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  The trial court " ' "takes [defendant]'s factual allegations as true and makes a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*)  Although the court may rely on the record of conviction in determining whether defendant has made a prima facie showing, it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

"We independently review a trial court's determination on whether a [defendant] has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

The relevant conviction here is for attempted murder.  The elements of "[a]ttempted murder [include] the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Lee* (2003) 31 Cal.4th 613, 623.)

By its plain language, section 1172.6 provides that a person convicted of attempted murder may be eligible for relief only where he or she could be or was convicted "under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)  As demonstrated by the jury instructions here, and conceded by defendant, the jury was not instructed on the natural and probable consequences theory, but instead was required to find defendant personally harbored the intent to kill to find him guilty of attempted murder.  (See CALCRIM No. 600.)  Thus, defendant is not eligible for resentencing under section 1172.6.

5

Defendant's argument is the kill zone jury instruction allowed the jury to convict him of attempted murder "without the requisite intent to[ ]kill." Beyond our conclusion that defendant is ineligible for resentencing, another panel of this court has already rejected defendant's argument regarding his intent to kill, and that determination is binding on defendant as law of the case, as we next explain. Unlike the natural and probable consequences doctrine, the kill zone theory does not impute malice to a defendant based solely on that defendant's participation in another crime. Instead, under the kill zone theory, "a defendant may be convicted of the attempted murder of an individual who was not the defendant's primary target" under certain circumstances. (*People v. Canizales* (2019) 7 Cal.5th 591, 596-597.)

"[A] jury may convict a defendant under the kill zone theory only when the jury finds that: (1) the circumstances of the defendant's attack on a primary target, including the type and extent of force the defendant used, are such that the only reasonable inference is that the defendant intended to create a zone of fatal harm—that is, an area in which the defendant intended to kill everyone present to ensure the primary target's death —around the primary target and (2) the alleged attempted murder victim who was not the primary target was located within that zone of harm. Taken together, such evidence will support a finding that the defendant harbored the requisite specific intent to kill both the primary target and everyone within the zone of fatal harm." (*People v. Canizales*, *supra*, 7 Cal.5th at pp. 596-597.)

Here, another panel of this court has already examined the kill zone instruction used in defendant's case and concluded it did not follow the requirements of *Canizales*. (*Bruno-Martinez II*, *supra*, C091819.) That panel further concluded if the jury did find defendant created a kill zone, and this finding is insufficient after *Canizales*, the jury in this case still necessarily and properly found defendant had the required specific intent to kill the victim. (*Bruno-Martinez II*, *supra*, C091819.) The jury here was told, in the supplementary kill zone instruction, that to convict defendant of the attempted murder of

6

the named victim in the charge, "it had to find: (1) [defendant] not only intended to kill everyone in the car but also (2) either intended to kill (a) [the victim] or (b) everyone in the kill zone." (*Ibid*., fn. & italics omitted.) The prior opinion concluded "[t]he instruction's first step required the jury to find [defendant] intended to kill [the victim] to convict him of attempted murder because" the victim was one of the people in the car. (*Ibid*.) That determination is a legal conclusion and is binding here as law of the case. " ' "The law of the case doctrine states that when, in deciding an appeal, an appellate court 'states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal . . . , and this although in its subsequent consideration this court may be clearly of the opinion that the former decision is erroneous in that particular.' [Citations.]" [Citation.] The doctrine "can apply to pretrial writ proceedings. When the appellate court issues an alternative writ, the matter is fully briefed, there is an opportunity for oral argument, and the cause is decided by a written opinion. The resultant holding establishes law of the case upon a later appeal from the final judgment." ' " (*People v. Kocontes* (2022) 86 Cal.App.5th 787, 819.)

We are cognizant that case law holds law of the case does not apply in certain section 1172.6 cases where the prior opinion determined that an error was harmless beyond a reasonable doubt. (See, e.g., *People v. Campbell* (2023) 98 Cal.App.5th 350, 371.) In *Campbell*, the appellate court declined to apply its prior conclusion that an error was harmless because that determination was inherently a factual decision that required the court to examine the record and weight of the evidence that supported the determination. (*Id*. at pp. 372, 374.) This was not a legal conclusion. (*Id*. at pp. 374-375.) As that court stated, "In analyzing the harmless error question on direct appeal in this case, we did not reach a conclusion as a matter of law based on the instructions and verdict alone. Rather, we assessed and considered the weight of the evidence in

7

concluding beyond a reasonable doubt that the jury's verdicts of first degree murder were based on a theory of conspiracy to commit murder or aiding and abetting first degree murder rather than a theory of natural and probable consequences." (*Id*. at p. 372.)

Those cases have no application here where the prior opinion focuses solely on a legal determination. Here, this court's prior opinion focused on the language of the jury instructions and came to the legal conclusion that the instructions required the jury to find defendant had the intent to kill the victim before it could find him guilty of attempted murder (regardless of whether the supplemental instruction properly stated the kill zone theory). (*Bruno-Martinez II*, *supra*, C091819.) This analysis of jury instructions presented a pure question of law (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 765-766), which we reviewed without regard to the particular facts of the case. As a result, we must adhere to that legal conclusion and reject defendant's argument (for the third time) that the trial court did not require the jury to find defendant had the requisite intent to kill the victim here.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.


                                     /s/
                                     ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
DUARTE, J.